# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**JOE PERKINS, JR.**                                                  **PLAINTIFF**
**ADC #149163**

**V.**                   **CASE NO. 5:18-CV-38-BRW-BD**

**WILLIAM STRAUGHN, et al.**                                **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the Court Clerk within 14 days of the date this Recommendation is filed. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

### II.  Discussion

A.  Background

Joe Perkins, Jr., an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) Because Mr. Perkins's original complaint was flawed, he was given an opportunity to amend his

complaint to remedy the defects identified by the Court. (#4) Mr. Perkins has now filed his amended complaint. (#5)

B.  Analysis

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints that seek relief against a governmental entity, officer, or employee before ordering service of process. 28 U.S.C. § 1915A(a). The Court must dismiss claims that are legally frivolous or malicious; that fail to state a claim upon which relief may be granted; or that seek monetary relief from a defendant who is immune from paying damages. 28 U.S.C. § 1915A(b). When screening a complaint, the court must accept the truth of the factual allegations set out in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

C.  Failure to Protect Claim – Defendants Crawford and Norwood

In his original and amended complaints, Mr. Perkins alleged that, in October 2017, as Officer Brown (not a party to this lawsuit), Defendant Norwood, and supervising officer Defendant Crawford were escorting him to his cell, he was stabbed by inmate Burnell. Mr. Perkins claims that, because inmate Burnell was supposed to be in restrictive housing, the stabbing occurred due to the "negligence" of Defendants Crawford and Norwood. (#2 at p.4)

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This includes an obligation for prison officials to take "reasonable measures to guarantee the safety of the inmates [and] ... to protect

prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832–33, 114 S.Ct. 1970 (1994) (quotations omitted). To establish a violation, however, Mr. Perkins must plead facts showing that his incarceration with inmate Burnell posed a substantial risk of serious harm (objective component), and that Defendants Crawford and Norwood actually knew of the risk, but either disregarded the risk or were deliberately indifferent to that risk (subjective component). *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003); *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). Negligence, even gross negligence, cannot support a claim based on deliberate indifference to inmate safety.

Based on allegations in Mr. Perkins's complaint and amended complaint, he cannot meet this burden. In his original complaint, Mr. Perkins did not state whether either Defendant Crawford or Defendant Norwood knew that inmate Burnell was in Mr. Perkins's cell on the date of the stabbing incident or whether either of these Defendants allowed inmate Burnell to enter the cell on the date of the incident. In addition, Mr. Perkins failed to explain whether he and inmate Burnell had any history of altercations or problems prior to the stabbing incident and, if so, whether either Defendant Crawford or Norwood knew of those prior altercations or problems.

In his amended complaint, Mr. Perkins again failed to allege that either Defendant Crawford or Defendant Norwood knew that inmate Burnell was not in his assigned housing area on the date of the stabbing; nor did he state that either Defendant had knowledge of bad blood between Mr. Perkins and inmate Burnell *prior to* the stabbing incident. Mr. Perkins simply alleges that ,"[i]f either officer had been properly aware of

3

their surrounding and the hostile environment, they would have been aware of the verbal confrontations and threats made prior to this incident." (#5 at p.2)

Based on Mr. Perkins's vague and conclusory allegations, the Court cannot conclude that either Defendant Crawford or Defendant Norwood had actual knowledge that Mr. Perkins's proximity to inmate Burnell posed a substantial risk of harm to Mr. Perkins's safety. For that reason, Mr. Perkins's claims against Defendants Crawford and Norwood should be dismissed.

D.  Defendants Straughn and Starks.

In both his original and amended complaints, Mr. Perkins failed to attribute any unconstitutional conduct to either Defendant Straughn or Defendant Starks. Mr. Perkins cannot hold these Defendants liable based solely on their positions as supervisors at the Cummins Unit.

In civil rights cases such as this, supervisors cannot be held liable for the constitutional violations of their subordinates just because of their supervisory positions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (U.S. 2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); see also *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). To proceed against these Defendants, Mr. Perkins would have to allege facts showing that each of these Defendants, through his "own individual actions ... violated the Constitution." *Iqbal*, 129 S.Ct. at 1948. Because Mr. Perkins has not alleged that the conduct of either of

4

these Defendants contributed to the stabbing incident, claims against Defendants Straughn and Starks should be dismissed.

### III. Conclusion

The Court recommends that Mr. Perkins's claims be DISMISSED, without prejudice. The Court also recommends that Judge Wilson certify that this dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g) and that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

DATED this 7th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE